## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KARASIK and LYNN KARASIK, h/w : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| INFRASOURCE CONSTRUCTION, LLC; : | CASE NO. |
| INFRASOURCE CONSTRUCTION SERVICES, LLC; : | |
| INFRASOURCE INSTALLATION, LLC; : | |
| INFRASOURCE C/O CORP SERVICES CO; : | |
| INFRASOURCE, a Quanta Services Company; and : | |
| QUANTA SERVICES, INC. | |

### NOTICE OF REMOVAL

**TO:    THE HONORABLE CHIEF JUSTICE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that Moving Defendant, InfraSource Construction, LLC, through its undersigned counsel, Ricci, Tyrrell, Johnson & Grey, hereby files this Notice of Removal pursuant to 28 U.S.C. §1441, et seq. InfraSource Construction, LLC hereby removes to the United States District Court for the Eastern District of Pennsylvania all claims and causes of action in the civil action styled ***Michael Karasik and Lynn Karasik v. InfraSource Construction, LLC, et al.***, September Term, 2019, No. 04721, now pending in the Court of Common Pleas, Philadelphia County (the "State Court Action"). The grounds for removal are as follows:

1.       Plaintiffs, Michael Karasik and Lynn Karasik initiated the State Court Action by filing a Civil Action Complaint in the Court of Common Pleas, Philadelphia County, September

Term, 2019, No. 04721 on or about October 4, 2019.  See Complaint attached hereto as "**Exhibit A.**"

      2.      The Complaint was served on InfraSource Construction, LLC by certified mail at its principal place of business located at 16000 College Blvd., Lenexa, Kansas on or about October 10, 2019.

## Proper Procedure for Removal of this Civil Action was Followed - 28 U.S.C.S. § 1446

      3.      InfraSource Construction, LLC has followed the proper procedure for removing this civil action under 28 U.S.C.S. § 1446 because (1) this Notice of Removal was filed within thirty (30) days of service of Plaintiffs' Complaint, and (2) InfraSource Construction, LLC is the only Defendant who has ***been properly joined and served*** and has chosen to remove this action.

      4.      Pursuant to 28 U.S.C.S. § 1446, entitled "Procedure for Removal of Civil Actions," a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C.S. § 1446(b)(1).

      5.      Pursuant to Fed. R. Civ. P. 6, this Notice of Removal is being filed with the Court within thirty (30) days of the Complaint being filed and served upon InfraSource Construction, LLC.

      6.      When a civil action is removed solely under 28 U.S.C.S. § 1441(a), all defendants ***who have been properly joined and served*** must join in or consent to the removal of the action. 28 U.S.C.S. § 1446(b)(2)(a).

7. Upon information and belief, InfraSource Construction, LLC is the only Defendant who has been properly joined and served in this matter as of this time of filing this Notice of Removal.

8. InfraSource Construction, LLC has attached copies of all process, pleadings, and orders served upon it in this action as required by 28 U.S.C.S. § 1446(a).

## Removal Based on Diversity of Citizenship under 28 U.S.C.S. § 1441 and § 1332(a)

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this action is removable to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 because the parties are diverse, with Plaintiffs being citizens of the Commonwealth of Pennsylvania and InfraSource Construction, LLC being a citizen of Delaware and Kansas, and the amount in controversy appearing to be in excess of $75,000.

10. Generally, except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.S. § 1441(a).

11. The State Court Action was filed in Philadelphia County, Pennsylvania and is being removed to the United States District Court for the Eastern District of Pennsylvania in conformance with 28 U.S.C.S. § 1441(a).

12.     District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C.S. § 1332(a)(1).

13.     For purposes of 28. US.C.S. § 1332 and § 1441, a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C.S. § 1332(c)(1).

14.     In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C.S. § 1441(b)(1).

15.     A civil action otherwise removable solely on the basis of the jurisdiction under 28 USCS § 1332(a) may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.  28 U.S.C.S. § 1441(b)(2). This restriction is known as the "forum defendant" rule.

16.     Removal by an out-of-state defendant after it has been served, but prior to proper service on any forum defendant is proper because the rationale behind the "joined and served" requirement of § 1441(b) and, to some extent, the protective purpose of diversity jurisdiction, are implicated. Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.), 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009).

17.     InfraSource Construction, LLC is incorporated in the State of Delaware and maintains its principle executive offices at 16000 College Blvd., Lenexa, KS 66219.

18.     Pursuant to 28 U.S.C.S. § 1332(c)(1), InfraSource Construction, LLC is deemed a citizen of Delaware and Kansas.

19.     Because InfraSource Construction, LLC is the only defendant that has been properly joined and served, the citizenship of the other named defendants is immaterial for purposes of removal.

20.     Moreover, InfraSource Construction Services, LLC, InfraSource Installation, LLC, InfraSource, and InfraSource, a Quanta Services Company are not existing legal entities.

21.     Because InfraSource Construction Services, LLC, InfraSource Installation, LLC, InfraSource, and InfraSource, a Quanta Services Company are fictitious entities, their citizenship for purposes of removal are disregarded.

22.     Pursuant to the Complaint, Plaintiffs, Michael Karasik and Lynn Karasik, husband and wife, reside at 110 Iris Lane, Wynnewood, PA 19096.  See Exhibit A.

23.     Plaintiffs are citizens of the Commonwealth of Pennsylvania.

24.     The amount in controversy in the instant action, based on the allegations and averments contained in Plaintiffs' Complaint exceeds $75,000, exclusive of interest and costs.

25.     Plaintiffs filed their Complaint in Philadelphia County in the Major Jury Program. Each Plaintiff has individually sought unspecified damages in excess of $50,000.  See Exhibit A.

26.     It is alleged that Plaintiff, Michael Karasik sustained "serious and permanent injuries to his face, nose, forehead, brain, spine, fracture of the right wrist, cervical and lumbar injuries that may require surgical intervention, and other injuries known and unknown all which have caused and may cause in the future great pain and suffering and agony and deprivation of his normal mode of living and loss of earnings and/or earning power and the enjoyment of life." See Exhibit A at ¶ 16.

27.     It is further alleged that Plaintiff, Michael Karasik "has suffered a concussion and brain impairment."  See Exhibit A at ¶ 17.

28.     It is further alleged that Plaintiff, Michael Karasik "sustained facial disfigurement." See Exhibit A at ¶ 18.

29.     It is further alleged that Plaintiff, Michael Karasik "suffered permanent injury and disability as well as embarrassment, humiliation, and loss of life's pleasures." See Exhibit A at ¶ 20.

30.     It is further alleged that Plaintiff, Michael Karasik has incurred medical expenses as a result of his injuries "and may be obliged to incur additional expense in the future." See Exhibit A at ¶ 21.

31.     As a result of the alleged injuries and damages sustained by Plaintiff, Michael Karasik, he is personally seeking unspecified damages in excess of $50,000. See Exhibit A at the wherefore clause following ¶ 21.

32.     Plaintiff, Lynn Karasik has set forth a claim for loss of consortium arising out of her husband, Michael Karasik's injuries. See Exhibit A.

33.     Plaintiff, Lynn Karasik has alleged that she, "suffered loss of society, companionship, consortium and other pleasures to wife and husband relationship." See Exhibit A at ¶ 24.

34.     It is further alleged that Plaintiff, Lynn Karasik "may be obliged to incur medical expenditures in treating her husband an may be obliged to incur in the future to her great financial detriment and loss." See Exhibit A at ¶ 25.

35.     As a result of the alleged injuries and damages sustained by Plaintiff, Lynn Karasik, she is personally seeking unspecified damages in excess of $50,000. See Exhibit A at the wherefore clause following ¶ 25.

WHEREFORE, Defendant, InfraSource Construction, LLC hereby removes this action from the Court of Common Pleas, Philadelphia County, to this Court.

**RICCI TYRELL JOHNSON & GREY**

Dated: October 16, 2019                 By: _____

FRANCIS J. GREY, JR., Esquire
JASON M. AVELLINO, Esquire
1515 Market Street, Suite 700
Philadelphia, PA 19102
P: 215-320-3260
F: 215-320-3261
FGrey@rtjglaw.com
JAvellino@rtjglaw.com
*Counsel for Defendant,*
*InfraSource Construction, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL KARASIK and LYNN KARASIK, h/w | : |
| | : |
| | : |
| v. | : |
| | : CIVIL ACTION |
| INFRASOURCE CONSTRUCTION, LLC; | : |
| | : CASE NO. |
| INFRASOURCE CONSTRUCTION SERVICES, LLC; | : |
| INFRASOURCE INSTALLATION, LLC; | : |
| INFRASOURCE C/O CORP SERVICES CO; | : |
| | : |
| INFRASOURCE, a Quanta Services Company; and | : |
| QUANTA SERVICES, INC. | : |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby verifies/certifies that on this day, a true and correct copy of the foregoing Notice of Removal was served on the following via email and/or first-class mail as follows:

David Sherman, Esquire
Soloman, Sherman & Gabay
Eight Penn Center
1628 JFK Blvd., Suite 2200
Philadelphia, PA 19103
lawyers@solmansherman.com
*Counsel for Plaintiffs, Michael Karasik and Lynn Karasik*

RICCI TYRRELL JOHNSON & GREY

Dated:  October 16, 2019          By: _____

Francis J. Grey, Jr., Esquire
Jason M. Avellino, Esquire
*Counsel for Defendant,
InfraSource Construction, LLC*

8

# Exhibit A

# *SOLOMON, SHERMAN & GABAY

### ATTORNEYS AT LAW

DAVID B. SHERMAN*
LAWRENCE SOLOMON
ELI GABAY
GARY I. SPIVACK
RYAN D. BRISKIN**
LAUREN M. SHERMAN***◆

8 PENN CENTER
1628 JFK BOULEVARD • SUITE 2200
PHILADELPHIA, PA 19103

PHONE (215) 665-1100
FAX (215) 665-8471

WWW.SOLOMONSHERMAN.COM

PLEASE REPLY TO THE
PHILADELPHIA ADDRESS

NEW JERSEY OFFICE
THE ELLIPSE BLDG., STE. 9A
4201 CHURCH ROAD
MOUNT LAUREL, NJ 08054
PHONE (856) 273-1230

*ALSO MEMBER OF
NEW JERSEY BAR

**ALSO MEMBER OF
NEW YORK BAR

◆MEMBER OF
DISTRICT OF COLUMBIA BAR

*NOT A PARTNERSHIP

October 4, 2019

Infrasource Construction LLC
6301 James A Reed Rd
Kansas City MO 64133

RE:   Karasik et ux v. Infrasource, et al
      C.C.P., September Term 2019, No. 4721

Dear Sir/Madam:

Enclosed herewith you will find a copy of a Complaint which we have filed with the Court of Common Pleas of Philadelphia County on behalf of our clients, Michael Karasik and Lynn Karasik.

Very truly yours,

LAUREN M. SHERMAN

LMS:jc

Enclosure

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **SEPTEMBER 2019** **004721** |
| E-Filing Number: 1910007975 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL KARASIK | INFRASOURCE CONSTRUCTION LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 110 IRIS LANE WYNNEWOOD PA 19096 | 6301 JAMES A. REED ROAD CHARLOTTE NC 64133 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LYNN KARASIK | INFRASOURCE CONSTRUCTION SERVICES LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 110 IRIS LANE WYNNEWOOD PA 19096 | 6511 STATESVILLE ROAD CHARLOTTE NC 28269 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | INFRASOURCE INSTALLATION LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 6511 STATESVILLE ROAD CHARLOTTE NC 28269 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 6 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☒ $50,000.00 or less ☐ More than $50,000.00 | ☒ Arbitration ☐ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** OCT 04 2019 M. BRYANT | IS CASE SUBJECT TO COORDINATION ORDER? YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL KARASIK , LYNN KARASIK

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID B. SHERMAN | 8 PENN CENTER 1628 JFK BOULEVARD SUITE 2200 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 665-1100 | (215) 665-8471 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36437 | tdicostanza@solomonsherman.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| DAVID SHERMAN | Friday, October 04, 2019, 08:21 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. INFRASOURCE CONSTRUCTION LLC
   6301 JAMES A. REED ROAD
   CHARLOTTE NC 64133
2. INFRASOURCE CONSTRUCTION SERVICES LLC
   6511 STATESVILLE ROAD
   CHARLOTTE NC 28269
3. INFRASOURCE INSTALLATION LLC
   6511 STATESVILLE ROAD
   CHARLOTTE NC 28269
4. INFRASOURCE
   C/O CORP SERVICE CO 2595 INTERSTATE DRIVE SUITE 103
   WINDSOR FARMS PA 17110
5. INFRASOURCE, A QUANTA SERVICES COMPANY
   600 CLARK AVENUE SUITE 3
   KING OF PRUSSIA PA 19406
6. QUANTA SERVICES, INC.
   2800 POST OAK BLVD, SUITE 2600
   HOUSTON TX 77056

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 07/16/2020
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no ~~right~~ to ~~a trial de novo~~ ~~on any appeal from a decision~~ entered by a Judge.  **This is a Major Jury Case**

**SOLOMON SHERMAN & GABAY**

**DAVID B. SHERMAN**
Identification No. 36437
**LAUREN M. SHERMAN**
Identification No. 323691
8 Penn Center
1628 J.F.K. Boulevard
Suite 2200
Philadelphia, PA  19103
(215) 665-1100

*Filed and Attested by the
Office of Judicial Records
04 OCT 2019 08:21 am
M. BRYANT*

**Attorneys for Plaintiff**

|  |  |
|---|---|
| MICHAEL KARASIK and LYNN KARASIK, h/w | : **COURT OF COMMON PLEAS** |
| 110 Iris Lane | : **PHILADELPHIA COUNTY** |
| Wynnewood, PA 19096 | : |
| vs. | : |
| INFRASOURCE CONSTRUCTION LLC | : |
| 6301 JAMES A REED RD | : |
| KANSAS CITY MO 64133 | : |
| and | : |
| INFRASOURCE CONSTRUCTION SERVICES LLC | : |
| 6511 STATESVILLE RD | : |
| CHARLOTTE NC 28269 | : |
| and | : |
| INFRASOURCE INSTALLATION LLC | : **TERM, 2019** |
| 6511 STATESVILLE RD | : **NO.** |
| CHARLOTTE NC 28269 | : |
| *[SEE ATTACHED RIDER]* | |

**COMPLAINT – CIVIL ACTION**
**2S PREMISES LIABILITY**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with this court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGALHELP.<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERENCE SERVIE<br>ONE READING CENTER<br>PHILADELPHIA, PA  19107<br>(215) 238-1701 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede dedidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Informacion Legal<br>One Reading Center<br>Filadelfia, PA  19107<br>Telefono: (215) 238-1701 |

Case ID: 190904721

*RIDER*

INFRASOURCE                                    :
C/O CORP SERVICE CO                            :
2595 INTERSTATE DR, STE 103                    :
WINDSOR FARMS PA 17110                         :
    And
INFRASOURCE, a Quanta Services Company
600 Clark Avenue
Suite 3
King of Prussia, Pennsylvania 19406
    And
QUANTA SERVICES, INC.
2800 Post Oak Blvd., Suite 2600
Houston, Texas 77056

## CIVIL ACTION

1.      Plaintiffs, Michael Karasik and Lynn Karasik h/w, are adult individuals residing at the above stated address.

2.      Defendant, Infrasource Construction LLC. is a corporation and/or similar business entity authorized to do business in Philadelphia County, Pennsylvania with offices located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and controlled the street identified as the area where plaintiff fell in this action.

3.      Defendant, Infrasource Construction Services LLC. is a corporation and/or similar business entity authorized to do business in Philadelphia County, Pennsylvania with offices located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and controlled the street identified as the area where plaintiff fell in this action.

4.      Defendant, Infrasource Installation LLC is a company agency, corporation entity with a principle place of business located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and controlled the street identified as the area where plaintiff fell in this action.

5.      Defendant, Infrasource is a company agency, corporation entity with a principle place of business located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and controlled the street identified as the area where plaintiff fell in this action.

6.      Defendant, Infrasource, a Quanta Services Company is a company agency, corporation entity with a principle place of business located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and

controlled the street identified as the area where plaintiff fell in this action.

7.     Defendant, Quanta Services, Inc. is a company agency, corporation entity with a principle place of business located at the above referenced address and at all times pertinent hereto owned, operated, maintained, possessed, repaired, managed and controlled Infrasource and the street identified as the area where plaintiff fell in this action.

8.     On or about December 7, 2017 Plaintiff, Michael Karasik, was lawfully traversing in the area located at 1501 Locust Street in the City and County of Philadelphia, Commonwealth of Pennsylvania, when he was caused to trip and fall as a result of a dangerous and defective sidewalk and grate causing him to suffer severe personal injuries set forth more particularly hereinafter.

**COUNT I**

**MICHAEL KARASIK V. ALL NAMED DEFENDANTS**

9.     Plaintiffs hereby incorporate by reference paragraphs 1 through 6 as though same were fully set forth at length herein.

10.     At all times pertinent hereto, Defendants jointly and severally owned, operated, maintained, controlled, possessed and were responsible for conditions at the aforesaid location.

11.     The servants, agents, workmen and/or employees of the defendants who controlled the premises knew or should have known of the dangerous condition which caused the aforesaid accident.

12.     The aforesaid dangerous condition existed for a sufficient period of time so as to constitute notice to the defendants of the existence of same.

13.     The defendants had sufficient opportunity to eliminate, abate, resolve and/or correct the dangerous condition existing on the property so as to prevent and/or minimize the aforesaid

dangerous condition.

14.    All the acts and omissions of the defendants were committed by the defendants by and through their agents, servants, workmen and employees and other individuals acting on behalf of and for the benefit of the defendants.

15.    The aforesaid incident was a direct and proximate result of the negligence and carelessness of the defendants, such negligence and carelessness consisting of the following:

       (a)    they failed to inspect;

       (b)    they failed to cure the defect;

       (c)    they failed to use proper materials;

       (d)    they failed to monitor the area;

       (e)    they failed to cordon off the area;

       (f)    they failed to provide safe crossing and walkways;

       (g)    they failed to use appropriate materials;

       (h)    they failed to have proper staff and employees;

       (i)    they failed to train their staff and employees;

       (j)    they failed to repair;

16.    The As a result of the aforesaid accident, Plaintiff Michael Karasik was caused to sustain serious and permanent injuries to his face, nose, forehead, brain, spine and fracture of right wrist, cervical and lumbar injuries they may require surgical intervention and other injuries known and unknown all which have caused and may cause in the future great pain and suffering and agony and deprivation of his normal mode of living and loss of earnings and/or earning power and the enjoyment of life.   Some or all of the aforesaid injuries are or have worsened and/or exacerbated a pre-existing conditions.

17.    As a further result of the aforesaid accident, Plaintiff Michael Karasik has suffered

a concussion and brain impairment.

18.     As a further result of the aforesaid accident, Plaintiff Michael Karasik has sustained permanent facial disfigurement.

19.     Plaintiff is entitled to make a claim since there is an excess of $1,500.00 in medical expenses and Plaintiff suffered a permanent impairment of a bodily function.

20.     As a further result of the aforesaid accident and injuries, Plaintiff has suffered permanent injury and disability as well as embarrassment, humiliation and loss of life's pleasures.

21.     As a result of the aforesaid injuries, the plaintiff has incurred medical and other expenses in treating himself and may be obliged to incur additional expense in the future.

WHEREFORE, Plaintiff, Michael Karasik, demands judgment of the defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II

### LYNN KARASIK v. ALL NAMED DEFENDANTS
### Loss of Consortium

22.     Plaintiff, Lynn Karasik, incorporates by reference each and every averment contained in paragraphs 1 through 21, inclusive of the instant Complaint as though the same were hereinafter fully set forth.

23.     At all times pertinent hereto, Plaintiff, Lynn Karasik was the lawful wife of Plaintiff, Michael Karasik.

24.     As a result of the aforesaid accident, Plaintiff, Lynn Karasik suffered loss of society, companionship, consortium and other pleasures to wife and husband relationships.

25.     As a further result of the aforesaid accident, Plaintiff, Lynn Karasik may be obliged to incur medical expenditures in treating her husband and may be obliged to incur in the future to

her great financial detriment and loss.

      WHEREFORE, Plaintiff, Lynn Karasik, demands judgment against the defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

 

_____
DAVID B. SHERMAN, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, Michael Karasik hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry.   I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

Michael Karasik

DATED: _10 - 2-2019_



**CERTIFIED MAIL**



FIRST-CLASS MAIL

Hasler
10/04/2019
**US POSTAGE** $007.10⁰

ZIP 19103
011E11680291

HERMAN & GABAY
RNEYS AT LAW
ENN CENTER
JLEVARD • SUITE 2200
ELPHIA, PA 19103

7018 1830 0000 6220 1702

ITED

Infrasource Construction LLC
6301 James A Reed Rd
Kansas City I

NOTIFY SENDER OF NEW ADDRESS
INFRASOURCE INC
16000 COLLEGE BLVD
LENEXA KS 66219-1367

BC: 66219136700   *0597-05557-04-43

FWD

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Infrasource Construction LLC
6301 James A Reed Rd
Kansas City MO 64133



9590 9402 5015 9063 0208 38

2. Article Number (Transfer from service label)

7018 1830 0000 6220 1702

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt